**In re Tami E. POCHEL, Debtor.**

**DOMINO'S PIZZA, INC., Plaintiff,**

**v.**

**Tami E. POCHEL, Defendant.**

**Bankruptcy No. 385–01088.**

**Adv. No. 86–7022.**

United States Bankruptcy Court, C.D. Illinois.

June 4, 1986.

---

Anthony H. Hart, Bloomington, Ill., for plaintiff.

David Fint, Bloomington, Ill., for defendant/debtor.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

In this adversary proceeding, the plaintiff seeks to have debtor's debt to plaintiff found nondischargeable in bankruptcy. The parties have submitted the case for decision on the following stipulated facts.

On March 4, 1985, the debtor wrote a check to the plaintiff, Domino's Pizza, Inc., in the sum of $17.40. This draft was returned for non-sufficient funds. The draft remains unpaid and the debtor has moved to amend her bankruptcy petition schedules, to list the plaintiff as a creditor.

**84**

The debtor did not intend to defraud the plaintiff at the time she wrote the check. She had deposited a check in her checking account upon which payment was subsequently stopped. She wrote the check to plaintiff before she learned that payment on the other check was stopped.

Plaintiff filed litigation against the debtor in the Circuit Court of McLean County, Illinois. This action was based on Ill.Rev. Stat., ch. 38, § 17–1a, which provides as follows:

"§ 17–1a. Civil Liability for Deceptive Practices. A person who issues a check or order to a payee in violation of Section 17–1(B)(d) and who fails to pay the amount of the check or order to the payee within 30 days following a written demand delivered by certified mail to the person's last known address, shall be liable to the payee or a person subrogated to the rights of the payee for, in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $500, plus attorney fees and court costs.

A cause of action under this Section may be brought in small claims court or in any other appropriate court. Prior to the hearing of any action under this Section, the defendant may tender to the plaintiff and the plaintiff shall accept as satisfaction of the claim, an amount of money equal to the sum of the amount of the check and the incurred court costs, and service and attorney fees."

The issue before the court is whether a violation of Ill.Rev.Stat., ch 38, § 17–1a renders an obligation evidenced by a non-sufficient funds check nondischargeable in bankruptcy.

 Initially, we note the plaintiff seeks to have the debt declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larcency." Obviously, there was no fiduciary relationship between the debtor and the plaintiff. Nor do the facts in this case establish embezzlement or larcency. We believe the facts in this case are more appropriately analyzed under § 523(a)(2)(A), which provides:

"(a) A discharge under section 727, 1141, or 1328(b) of the title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

 Exceptions to the discharge of a debt are strictly construed against the creditor and liberally in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), 3 *Collier on Bankruptcy,* ¶ 523.05A at 523–15 (15th ed. 1985). The party who seeks to establish an exception to the discharge of a debt in bankruptcy bears the burden of proving all elements by clear and convincing evidence. *In re Bogstad,* 779 F.2d 370, 372 (7th Cir. 1985). The elements which must be proven under § 523(a)(2)(A) are as follows:

"1. The debtor made the representations.

2. At the time made, the debtor knew they were false or made them with reckless disregard for their truth or falsity.

3. The debtor made them with the intention and purpose of deceiving the creditor.

4. The creditor reasonably relied on such representations.

5. The creditor sustained the alleged loss and damages as a proximate result of the representations being made."

*In re Kaufmann,* 57 B.R. 644, 646 (Bkrtcy. E.D.Wis.1986); *In re Burgstaler,* 58 B.R. 508, 512 (Bkrtcy.D.Minn.1986); *In re Valeu,* 57 B.R. 488, 492 (Bkrtcy.D.N.D.1986).

 In applying these elements to the case at bar, it is clear that the second and third elements set forth above have not been proven. At the time the debtor wrote

the check to Domino's Pizza, Inc., she thought she had sufficient funds in her account to cover the check. It was only later that she discovered that payment on a check which she had deposited in her checking account had been stopped. The parties have stipulated that the debtor did not intend to defraud the plaintiff.

Plaintiff's inability to establish these two elements would ordinarily end our inquiry and we would hold that the debt is dischargeable. Plaintiff, however, has added a new twist to this case with his argument that the state statute imposing civil liability for deceptive practices renders the debt nondischargeable.

Ill.Rev.Stat., ch. 38, § 17–1a was enacted in September, 1984. To date, there are no reported decisions interpreting this provision. Although it is found in the Illinois Criminal Code and based on a criminal statute, it clearly refers to civil liability, and is in fact so titled. There is no intent requirement in the statute.

■ Clearly, a state court judgment pursuant to § 17–1a is not entitled to claim preclusive effect in this court. In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767, the Court held "that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt." *Id.* at 138–39, 99 S.Ct. at 2212–13. The Court further concluded, "It makes little sense, ... to resolve a federal dischargeability question according to whether or not the parties in state court waived their rights to engage in hypothetical litigation in an inappropriate forum." *Id.* at 137, 99 S.Ct. at 2212.

■ Moreover, a state court judgment pursuant to § 17–1a would not be entitled to issue preclusive effect. The resolution of dischargeability issues pursuant to 11 U.S.C. § 523(c) is committed to the exclusive jurisdiction of the bankruptcy court. *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir.1981). Thus, the federal standard of proof, which is clear and convincing evidence, is applicable. *In re Martin*, 761 F.2d 1163, 1165 (6th Cir.1985). The standard of proof in Illinois in most civil cases is preponderance of the evidence. The statute in this case is silent as to the standard of proof. In such a case, no preclusive effect may be given to a state court judgment. *In re Wintrow*, 57 B.R. 695, 703 (Bkrtcy.S.D.Ohio 1986).

■ Most importantly, § 17–1a does not require proof of fraudulent intent or intent to deceive. If there is any fraud in § 17–1a, it is implied in law and does not require a showing of bad faith or immorality. This is not sufficient to establish a false pretense, false representation, or actual fraud as required under 11 U.S.C. § 523(a)(2)(A). *In re Burgstaler, supra*, 58 B.R. at 514. Frauds included in § 523(a)(2)(A) are those which in fact involve "moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient." 15 *Collier on Bankruptcy*, ¶ 523.08 at 523–44 (15th ed. 1985).

■ Plaintiff attempts to circumvent this hurdle by arguing that, even though the debtor did not have an intent to defraud at the time she wrote the check, she had the requisite intent when she failed to pay the amount of the check 30 days following a written demand for payment. He claims this is the wrongful conduct upon which the statute is predicated. This argument must be rejected, for it would make it a crime for someone to incur a debt and subsequently not pay it. Financial conditions often change in 30 days, and someone who incurred a debt with every intention of paying it might not be able to pay it 30 days later. This is especially true in a case such as this one, where payment on a check deposited in the debtor's checking account was stopped. The debtor's inability to pay the debt should not be confused with an intention to defraud the creditor.

Moreover, the focus in bankruptcy is on the debtor's actual state of mind at the time the check is written. *In re Burgstaler, supra*, 58 B.R. at 514. The stipulated

evidence in this case clearly demonstrates that the debtor did not have any intent to permanently deprive the plaintiff of the value of its products by giving it a check which would be worthless when presented for payment.

For the foregoing reasons, the Court holds that the debt is not excepted from discharge under § 523(a)(2)(A) or § 523(a)(4). Therefore, the debt due to Domino's Pizza, Inc., from Tami E. Pochel, is discharged.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules on Bankruptcy Procedure.