In re Eugene V. HOFFMAN, Debtor.

**MARINE BANK SOUTHWEST N.A., f/k/a Burlington Marine Bank, Plaintiff,**

v.

**Eugene V. HOFFMAN, Defendant.**

**Bankruptcy Nos. 87 B 1684, 87 A 553.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 4, 1988.

Thomas G. King, Chicago, Ill., for plaintiff.

S. Ira Miller, Chicago, Ill., for defendant.

## MEMORANDUM AND OPINION

ROBERT E. GINSBURG, Bankruptcy Judge.

This matter is before the Court pursuant to Federal Rule of Civil Procedure 12(b)(6), on Defendant/Debtor's, ("Hoffman's), motion to dismiss Marine Bank Southwest's, ("the Bank's"), complaint to determine whether the debt owed to it by Hoffman should be excepted from discharge. For the reasons set forth herein, Hoffman's motion to dismiss is denied.

## FACTS

On February 26, 1985 the Bank loaned $89,000 to Streamwood Farms, Inc., ("Streamwood"), payable in full on August 25, 1985. The loan was personally guaranteed by Streamwood's principal owner, Hoffman. As part of the transaction, the Bank requested a financial statement from Hoffman. Hoffman gave a financial statement dated April 27, 1985.[1] Hoffman subsequently wound up as a Chapter 7 debtor in this Court.[2] Hoffman listed his obligation to the Bank in his schedule of debts.

The Bank filed a complaint to determine whether this obligation should be found to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).[3] The Bank claims that the financial statement Hoffman gave it contained false and fraudulent statements upon which the Bank relied.[4] Hoffman filed his first motion to dismiss which this Court treated as a motion for a more definite statement. The Bank subsequently filed an amended complaint. In the amended complaint, the Bank pointed out that although the note was to become due on a date certain, it contained a demand clause should the Bank find itself "insecure" in connection with the loan.[5] The Bank argues that it did not demand immediate payment of the note because it relied on Hoffman's false financial statements.

Hoffman has filed a second motion to dismiss based on two arguments. First, he argues that given the dates of the financial statements the Bank could not have reasonably relied upon them. Second, he claims that failure to exercise a right to accelerate a note on account of a false financial statement is not an extension, renewal, or refinancing of credit [6] within the provisions of 11 U.S.C. § 523(a)(2)(B).

## STANDARD OF REVIEW

In considering whether a complaint can withstand a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6),[7] it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

1. Hoffman had also submitted financial statements to the Bank dated March 5, 1982 and August 23, 1983.

2. Streamwood appears to be defunct.

3. Section 523(a)(2)(B) of the Bankruptcy Code provides in part,

    (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
    (2) for money ... or an extension, renewal or refinancing of credit to the extent obtained by—
    (B) use of a statement in writing—
    (i) that is materially false;
    (ii) respecting the debtor's ... financial condition;
    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
    (iv) that the debtor caused to be made with intent to deceive. . . .

4. Specifically, the Bank claims that Hoffman overstated the cost of certain real estate, understated the market value of the real estate, understated the amount of his mortgage and overstated the value of his office equipment.

5. The note contains a clause which reads:
    "If any installment is not paid when due or if Bank deems itself insecure, the unpaid balance shall, at the option of the Bank, and without notice mature and become immediately payable."

6. Hoffman also points out that while the Bank's complaint alleges reliance it fails to allege *reasonable* reliance. See § 523(a)(2)(B)(iii). The Bank acknowledges that its complaint must be amended in this regard or it is subject to dismissal.

7. Federal Rule of Civil Procedure 12(b) is applicable to this proceeding. *See* Bankruptcy Rule 7012.

him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In addition, the Court must take as true all material facts well pleaded and must view these facts, and all reasonable inferences which can be drawn therefrom, in the light most favorable to the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985).

## DISCUSSION

█ As to Hoffman's first argument, this Court agrees with Hoffman that the first two financial statements, dated some eighteen months to almost two years before the loan, could not have been reasonably relied on by the Bank in making the loan. Thus, the focus is on the third financial statement. Since that is dated some two months after the loan was made, Hoffman argues that it could not have been a factor in making the loan. Obviously, Hoffman is correct in this regard, but that leads to Hoffman's second argument, i.e., that the fact that the Bank may have relied on the third financial statement he gave it after the loan was made in deciding not to exercise its right under the note to accelerate the loan and call it before the original payment date is per se not within the purview of § 523(a)(2)(B).

Hoffman's reading of § 523(a)(2)(B) is incorrect. While it is true that the dischargeability provisions are to be read narrowly in favor of debtors, *In re Pochel*, 64 B.R. 82, 84 (Bankr.C.D.Ill.1986), it is also true that § 523 should be read logically to give effect to the legislative purpose underlying the various subsections of the provision. Clearly in § 523(a)(2)(B) of the Bankruptcy Code Congress intended that a debtor who has obtained credit by means of the intentional use of a false financial statement to deceive a creditor who has reasonably relied on that statement not escape from having to repay that debt over the creditor's timely objection in a Chapter 7 case. That is true whether the false financial statement was used to obtain a new loan,

an extension of an existing loan, a refinancing of an existing loan or a renewal of an existing loan. 124 Cong.Rec. H11095–96 (daily ed. Sept. 28, 1978); S17412 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. De Concini).

█ Neither side has cited any caselaw in support of its reading of § 523(a)(2)(B), and the Court has found no case precisely on point. Nevertheless, assuming the Bank can prove its case, its reading of the statute makes more sense. What the Bank hopes to prove is that it asked Hoffman to give it a written financial statement. He did so after the loan was granted. The financial statement was materially false and was given to the Bank by Hoffman with the intent to lull the bank into a false sense of security about the loan to Streamwood and Hoffman's guaranty of that loan. The Bank looked at the financial statement Hoffman had given it and reasonably relied on it in exercising its right to not accelerate the loan and call for immediate repayment of the loan and the guaranty, believing it had a solvent guarantor. As a result of failing to accelerate the note and call the loan in and to enforce the guaranty the bank was injured. If the Bank can prove all of the foregoing by clear and convincing evidence, the amount of injury it suffered from its failure to enforce the guaranty at the time of the false financial statement is nondischargeable under § 523(a)(2)(B). *In re Kimzey*, 761 F.2d 421, 424 (7th Cir. 1985).[8]

The reason that the debt would be nondischargeable is that the Bank would have proved all of the elements of § 523(a)(2)(B) in connection with "an extension, renewal, or refinancing of credit." It is clear that under § 523(a)(2) in general, an extension of credit, a renewal of credit, and a refinancing of credit are three different things. 124 Cong.Rec. H11095–96 (daily ed. Sept. 28, 1978); S17412 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. De Concini). *Cf.* 11 U.S.C. § 102(5). An ex-

---

8. Whether the amounts the Bank may have lost from failing to accelerate the loan and attempting to collect from Streamwood at the time of the false financial statement are nondischarge-

able in Hoffman's case under § 523(a)(2)(A) is not now before the Court as the Bank has not pleaded such in its complaint.

tension of credit means *inter alia* a lengthening of credit, i.e., a creditor's agreeing to forego the enforcement of a contractual right to collect on a debt for some defined or undefined period of time. Black's Law Dictionary 523 (5th Ed.1979). That is exactly what the Bank claims happened here. The Bank says it did not exercise it contractual right to deem itself unsecure and call the loan and the guaranty because of Hoffman's use of a false financial statement. Instead, it let that right go unenforced for an indefinite period of time.

Therefore it is ordered:

Hoffman's motion to dismiss is denied conditioned on the Bank's amendment of its complaint within 14 days hereof to allege reasonable reliance. Hoffman will have until January 25, 1988 to answer the amended complaint. This proceeding is set for pretrial on February 16, 1987 at 9:00 a.m. A preliminary pretrial order will issue from the court immediately.