In re Alfred A. VERMONT, Debtor.

REPUBLIC BANK, A Florida Banking Corporation, Plaintiff,

v.

Alfred A. VERMONT, Defendant.

In re Jim JUST, Debtor.

REPUBLIC BANK, a Florida Banking Corporation, Plaintiff,

v.

Jim JUST, a/k/a James P. Just, Defendant.

Bankruptcy Nos. 87–710–BKC–8P7, 87–712–BKC–8P7.

Adv. Nos. 87–250, 87–288.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 23, 1989.

582

See also, Bkrtcy., 97 B.R. 98.

Darryl Richards, Joan M. Vecchioli, Clearwater, Fla., for plaintiff, Republic Bank, a Florida banking corporation.

William A. Borja, Clearwater, Fla., for defendants Alfred A. Vermont and Jim Just a/k/a James P. Just.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THESE are two Chapter 7 cases, and the matters under consideration are two adversary proceedings filed by Republic Bank, a Florida banking corporation (Bank), against Alfred A. Vermont, Debtor, and Jim Just, a/k/a James P. Just, Debtor. It appears that the Complaints filed by the Bank against Jim Just and Alfred A. Vermont essentially contain the identical allegations against both Debtors. Pursuant to an ore tenus Motion to consolidate these adversary proceedings presented by the Bank, this Court entered an Order procedurally consolidating these adversary proceedings for trial. However, the discharge of Jim Just was denied on March 1, 1989, in Adversary Proceeding No. 87–176, styled, "First National Bank v. Jim Just". Thus, the question of dischargeability vel non of the debt owed by Jim Just to the Bank is no longer relevant and is academic. For this reason, this opinion will be limited to considering the facts as they pertain to the claim of nondischargeability of the Bank against Alfred A. Vermont.

The Complaint filed against Alfred A. Vermont (Debtor) sounds in one count and is based upon 11 U.S.C. § 523(a)(2)(B). The Bank seeks to except from Debtor's general discharge a debt allegedly owed by Debtor to the Bank based on the allegation that Deal Direct, Inc., a corporation (of which Debtor was a shareholder and for whom Debtor served as an officer) obtained a loan in the amount of $75,000.00 from the Bank which was procured by Debtor by submitting his personal financial statement which, according to the Bank, was false.

The facts relevant to a resolution of this controversy as established at the final evidentiary hearing are as follows.

At the time relevant to the matters under consideration, the Debtor was an officer of Deal Direct, Inc., and was a minority shareholder in Deal Direct. On March 18, 1986, Debtor executed as the officer of Deal Direct, Inc., a promissory note payable to the

Bank in the principal amount of $75,000.00 (Plaintiff's Exh. A). On that same day, Debtor personally guaranteed this loan (Plaintiff's Exh. B). In connection with the application for the $75,000.00 loan to Deal Direct, Debtor gave the Bank his personal financial statements. The Debtor's financial statement was dated February 11, 1986. The Debtor represented to the Bank that the statement was, as of the date stated on the statements, current and accurate. That financial statement indicates that at the time he published the financial statement, the Debtor was the owner of $180,000.00 worth of United States Government Series E and Series HH savings bonds.

On February 11, 1987, the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. This Court takes judicial notice that Debtor's schedule of assets filed in connection with this Petition for Relief under Chapter 7 of the Bankruptcy Code did not include any of the assets which he had previously listed on his financial statement furnished to the Bank in connection with the loan granted to Deal Direct less than one year prior to filing his Petition in bankruptcy.

It is the Bank's contention that the financial statement of the Debtor was materially false as he did not own the assets that he listed as his assets; and that the Bank reasonably relied on the statements in granting to loan the monies to Deal Direct. Based on these, according to the Bank, this Court should determine that the debt owed by the Debtor based on his personal guaranty of the loan made to deal Direct is nondischargeable pursuant to § 523(a)(2)(B).

The Debtor testified that at the time he submitted his financial statement to the Bank, he believed he owned the government securities, but that today he knows that he did not at the time, in fact, own them. He further admits that all this was incorrectly listed on his personal financial statement submitted to the Bank. The Debtor concedes, as he must, that the assets scheduled on his financial statement submitted to the Bank were materially false, but it is his contention that 1) the Bank did not reasonably rely on his financial statement for making the loan to Deal Direct, and 2) that the financial statements were not submitted by him with the requisite intent to deceive the Bank.

The claim of nondischargeability asserted by the Bank is based on 11 U.S.C. § 523(a)(2)(B), which provides as follows:

§ 523. EXCEPTIONS TO DISCHARGE

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for obtaining money ... by

(B) use of a statement in writing—

(i) that is materially false

(ii) respecting the debtor's or an insider's financial condition

(iii) on which the creditor to whom the debtor is liable for obtaining such money ... reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive....

In order to except a debt from general discharge under § 523(a)(2)(B), all operative elements must be established by the plaintiff with the requisite degree of proof. It is equally true that the burden to establish these elements is on the Plaintiff who must present clear and convincing proof in order to prevail. *Chrysler Credit Co. v. Rebhan*, 842 F.2d 1257 (11th Cir.1988)

It is equally clear from this record that the Debtor himself did not obtain any money from the Bank, or that the loan proceeds were somehow funnelled to him or the loan was somehow for his direct, personal benefit.

Thus, facially, there could not be a viable claim of nondischargeability asserted under these facts unless, in spite of these facts, his liability still could be excepted from the protection of the general discharge under this Section.

■ There are two lines of cases interpreting § 523(a)(2)(B) of the Bankruptcy Code involving this point. According to one view, unless the debtor actually obtained money or property for himself through false representations or false financial statement, the debt remains dischargeable. *Rudstrom v. Sheridan*, 122

Minn. 262, 142 N.W. 313. The better view appears to be that the debtor need not actually procure the money or property for himself, but if the debtor benefits in some way from the property obtained through his deception, the debt is nondischargeable. *Hyland v. Fink,* 178 N.Y.S. 114 (Sup.1919). In addition, there is authority to support the proposition that for the purpose of § 523(a)(2), it is not necessary that the debtor personally benefitted from the transaction. *In re Bombard,* 59 B.R. 952 (Mass.1986); *In re Hoffman,* 80 B.R. 924 (N.D.Ill.1988)

■ Applying the better view, the Debtor as one of the principals of Deal Direct, Inc., obtained a benefit from the false financial statement when the Bank loaned the monies to Deal Direct, Inc., and the Debtor therefore procured money for the corporation and hence, the debt would be nondischargeable if it is shown that the Bank reasonably relied on the Debtor's financial statement within the meaning of § 523(a)(2). It is important to note in this context that Deal Direct, Inc., had no assets of its own, and that the Bank looked strictly to the strength of the principals when it made the loans. Therefore, this Court is satisfied that the Bank reasonably relied on the personal financial statements submitted by the Debtor.

Of course, there is no direct evidence that the financial statements were submitted to the Bank with intent to deceive the Bank. However, based on the gross falsity of the statements, it is not unreasonable to infer that the Debtor intended in fact to deceive the Bank and lure the Bank into the loan transaction by presenting a grossly exaggerated rosy picture of his finances. Accordingly, this Court is satisfied that all the operative elements of § 523(a)(2)(B) have been met, and that the debt represented by the $75,000.00 loan made to Deal Direct as guaranteed by Alfred Vermont should be declared nondischargeable.

A separate Final Judgment shall be entered in accordance with the foregoing.